Filed 11/12/25  P. v. Picazo CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ALEJANDRO PACHECO PICAZO,<br><br>    Defendant and Appellant. | H053161<br>(Monterey County<br>Super. Ct. No. 24CR006481) |

Pursuant to a plea agreement, defendant Alejandro Pacheco Picazo pleaded no contest to vandalism and violating a criminal protective order.  The trial court sentenced Picazo to 16 months in county jail and imposed various fines and fees.

On appeal, Picazo's appointed counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) that states the case and facts but raises no issues.  This court notified Picazo of his right to submit written argument on his own behalf within 30 days.  Picazo responded with a short handwritten note asking that his sentence be reduced.

Pursuant to *Wende*, *supra*, 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106 (*Kelly*), we have carefully reviewed the entire record and have determined that there are no arguable issues on appeal that would result in a disposition more favorable to Picazo.  Accordingly, we will affirm the judgment with one modification ordered to correct a clerical error.

## I. Factual and Procedural Background

According to a probation officer's presentence report, Picazo struck the garage door at his parents' home several times with a tire iron, causing damage. Days later, police arrested Picazo at his parents' house after responding to a reported battery. At the time of the latter incident, Picazo was subject to a court order to stay away from his sister, who was present at the home.

The prosecution charged Picazo by complaint with two counts: felony vandalism of property worth more than $400 (Pen. Code, § 594, subd. (b)(1))[1]; and misdemeanor violation of a criminal protective order (§ 166, subd. (c)(1)). Picazo was initially found incompetent to stand trial before his competency was declared restored and proceedings were reinstated. Picazo pleaded no contest to both counts pursuant to a plea agreement, along with pleading no contest to misdemeanor violating a domestic violence protective order (§ 166, subd. (c)(4)) in another case. As part of the plea agreement, Picazo agreed to waive "the right to appeal my conviction, the judgment, and any other orders previously issued by this court." Picazo confirmed this waiver in a colloquy with the trial court.

The trial court sentenced Picazo to the negotiated term of 16 months in addition to imposing various fines and fees. Picazo timely appealed; however, he did not obtain a certificate of probable cause from the trial court.

## II. Discussion

Picazo waived his right to appeal from the judgment. "It is well settled that an express waiver of the right to appeal in a negotiated plea agreement is valid and enforceable, provided that the waiver is knowing, intelligent, and voluntary. [Citations.]" (*People v. Orellana* (2022) 74 Cal.App.5th 319, 325.) In addition, Picazo did not obtain a certificate of probable cause from the trial court. Section 1237.5 states that "[n]o

---

[1] Unspecified statutory references are to the Penal Code.

appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere" except where the defendant has filed a statement with the trial court "showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings" and "[t]he trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court."

In *People v. Becerra* (2019) 32 Cal.App.5th 178 (*Becerra*), this court dismissed an appeal based on a substantively identical waiver to that in the instant case. The defendant in *Becerra* pleaded no contest to two offenses pursuant to a plea agreement and expressly waived his appellate rights. (*Id.* at pp. 181, 183.) Although he did not obtain a certificate of probable cause, Becerra appealed. He contended that the trial court erred in calculating his custody credits. (*Id.* at p. 182.) This court noted that the waiver "expressly encompasses an appeal from the 'judgment' or any collateral attack on the 'sentence,' " as well as " '*all rights* regarding state and federal writs and *appeals*.' " (*Id.* at p. 189.) This court held Becerra's claim was barred because it fell within the scope of this appellate waiver, rejecting Becerra's argument that the claim was cognizable because he could not knowingly and intelligently waive an alleged error that had not yet occurred. (*Id.* at p. 191.) This court then concluded that because the appellate waiver was contained in Becerra's plea agreement, "his contention concerning the enforceability of the appellate waiver constitutes an attack on the plea's validity" that required a certificate of probable cause. (*Id.* at p. 192.)

In the instant case, this court ordered Picazo to show cause why the appeal should not be dismissed. In response, Picazo acknowledges that he did not obtain a certificate of probable cause and that "it appears that [his] waiver of his statutory and constitutional rights and entry of his no contest pleas . . . were knowing, intelligent and voluntary, and that he knowingly waived his right to appeal from his stipulated sentence and any orders made by the court through . . . the date when the waiver was executed." However, Picazo asserts that this waiver should not be interpreted to encompass any sentencing errors

3

occurring after his waiver was executed. If the waiver is interpreted to cover such sentencing errors, he contends this term is unenforceable as unconscionable. He thus urges this court to conduct an "extremely limited" review of the record to determine if any sentencing errors occurred of which Picazo was unaware when he executed his waiver of appellate rights.

Pursuant to *Wende*, *supra*, 25 Cal.3d 436, and *Kelly*, *supra*, 40 Cal.4th 106, we have carefully reviewed the entire record. As in *Becerra*, Picazo waived "all rights regarding state and federal writs and appeals," including "the right to appeal my conviction, the judgment, and any other orders previously issued by this court." Without a certificate of probable cause, we cannot review challenges to the validity of the plea, including the enforceability of the appellate waiver. (§ 1237.5; Cal. Rules of Court, rule 8.304(b); *Becerra*, *supra*, 32 Cal.App.5th at p. 192; but see § 1016.8, subd. (a)(4) ["A plea bargain that requires a defendant to generally waive unknown future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may occur after the date of the plea is not knowing and intelligent"].)

Neither the waiver nor the omission of a certificate of probable cause, however, wholly forecloses Picazo's right to our independent review of the record under *Wende*. A certificate of probable cause is not required to appeal "after a plea of guilty or nolo contendere . . . on grounds that do not affect the validity of the plea or admission . . . ." (Cal. Rules of Court, rule 8.304(b)(2).) Thus, "a certificate of probable cause is *not* required for the issue of *whether* the defendant's appellate claim falls within the scope of an appellate waiver." (*Becerra*, *supra*, 32 Cal.App.5th at p. 188.) We have reviewed the record for arguable issues that would exceed the scope of the waiver and therefore would be cognizable despite the waiver. (*Ibid.*)

We have identified one issue. Government Code section 70373 requires an assessment of $30 to be imposed for each misdemeanor or felony conviction. Pursuant to this statute, the trial court ordered Picazo to pay a $60 assessment based on his plea to

4

two offenses.  A minute order from the sentencing hearing correctly reflects the $60 assessment, but the abstract of judgment mistakenly lists the amount of this assessment as $80.  Because this matter involves a clerical error, we deem it reviewable and correctable on appeal, as courts may correct clerical errors at any time.  (See *People v. Mitchell* (2001) 26 Cal.4th 181, 185.)  We will order this error in the abstract of judgment corrected.  Otherwise, we conclude that there is no arguable issue that would exceed the scope of the waiver and therefore would be cognizable despite the waiver.

### III. DISPOSITION

The judgment is ordered modified to reflect that Picazo's Government Code section 70373 assessment is in the amount of $60.  The trial court is directed to prepare an amended abstract of judgment reflecting the judgment as modified.  The amended abstract of judgment shall be forwarded to the Department of Corrections and Rehabilitation.  As so modified, the judgment is affirmed.

_____
Greenwood, P. J.

WE CONCUR:


_____
Danner, J.


_____
Bromberg, J.


H053161 People v. Picazo